IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANKLIN ALBRIGHT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NANCY BERRYHILL, Acting | : | |
| Commissioner of Social Security | : | NO. 17-529 |

## ORDER

**AND NOW**, this 1st day of March, 2018, upon consideration of Plaintiff's Brief and Statement of Issues in Support of Request for Review (Docket No. 10), Defendant's Response thereto, Plaintiff's Reply Brief, the Report and Recommendation of United States Magistrate Judge Thomas Reuter (Docket No. 16), and Plaintiff's Objections thereto (Docket No. 17), **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Objections are **OVERRULED**.[1]

---

[1] The Administrative Law Judge ("ALJ") in this case denied Plaintiff Franklin Albright's request for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. The ALJ found at step two of the sequential analysis that Plaintiff suffered from certain severe impairments, including disorders of the back, chronic obstructive pulmonary disease and anxiety disorders, as well as additional non-severe impairments, including human immunodeficiency virus ("HIV") and deep vein thrombosis ("DVT"). The ALJ concluded, however, that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with certain limitations and, thus, was not disabled.

In his Request for Review, Plaintiff argues that (1) substantial evidence did not support the ALJ's conclusion that his HIV and DVT were not severe; (2) substantial evidence did not support the ALJ's RFC assessment; (3) the hypothetical asked of the vocational expert ("VE") did not adequately account for Plaintiff's difficulties with concentration, persistence, and pace; and (4) the ALJ erred in evaluating Plaintiff's subjective complaints. Magistrate Judge Reuter recommends that we deny the Request for Review. In his Objections, Plaintiff essentially repeats the arguments that he made in his Request for Review and asserts that the Magistrate Judge erred in rejecting them.

Judicial review of the Commissioner's final decision is limited, and the ALJ's findings of fact will not be disturbed if they are supported by substantial evidence. Brownawell v. Comm'r of Soc. Sec., 554 F.3d 352, 355 (3d Cir. 2008) (citing 42 U.S.C. § 405(g)); see also 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion.'" Brownawell, 554 F.3d at 355 (quoting Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003)) (additional citation omitted)). While the ALJ's legal conclusions are subject to plenary review, Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012) (citation omitted), we review de novo those portions of a Magistrate Judge's report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1).

Plaintiff first objects to the Magistrate Judge's recommendation that there is substantial evidence to support the ALJ's determination that his HIV and DVT were not severe. However, in advancing this argument, he merely points to the same record evidence on which he relied in making this argument to the Magistrate Judge and which the Magistrate Judge carefully considered and analyzed. Upon our own thorough de novo review of the record, we reach the same conclusion as the Magistrate Judge, i.e., that substantial evidence supports the ALJ's conclusion that Plaintiff's HIV and DVT do not more than minimally restrict his ability to perform basic work activities. We therefore overrule Plaintiff's objection to this aspect of the R&R.

Plaintiff argues in his second Objection is that the Magistrate Judge erroneously recommended that the ALJ's RFC determination was supported by substantial evidence. Plaintiff repeats the argument that he previously made to the Magistrate Judge that the ALJ "rejected all [medical] opinion evidence, creating an evidentiary deficit" that he improperly filled with his own opinion. (Pl.'s Objs. at 3 (alteration in original) (quotation omitted).) However, the "final responsibility" for assessing a claimant's RFC is "reserved for" the ALJ. 20 C.F.R. § 404.1527(d). While the ALJ must consider opinions from medical sources in ascertaining the RFC, id., "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Brown v. Astrue, 649 F.3d 193, 197 n.2 (3d Cir. 2000) (citation omitted); see also Mays v. Barnhart, 78 F. App'x 808, 813 (3d Cir. 2003). Here, as the Magistrate Judge correctly noted, the ALJ did not reject the medical opinions outright; rather, he carefully weighed each opinion in the record in accordance with his obligations under the Social Security regulations. See 20 C.F.R. § 404.1527(c). Moreover, the ALJ detailed his reasons for giving limited weight to each opinion, often noting that the opinion was simply not supported by the medical evidence. (See R.29-31.) Ultimately, the ALJ grounded his RFC determination on his assessment of these medical opinions, as well as consistencies among claimant's subjective statements to his treatment providers, testimony, and the objective medical evidence. (R.32.) Under these circumstances, the Magistrate Judge correctly recommended that the ALJ's RFC determination was supported by substantial evidence, and we overrule Plaintiff's objections to the contrary.

In his third Objection, Plaintiff asserts that the Magistrate Judge erred in recommending that the hypothetical question adequately conveyed and accounted for Plaintiff's moderate limitations in concentration, persistence and pace when the question restricted Plaintiff to "unskilled work with routine, repetitive tasks." (R.69) However, under the law in this Circuit, such a hypothetical properly accounts for moderate limitations in concentration, persistence and pace. See McDonald v. Astrue, 293 F. App'x 941, 946-47 (3d Cir. 2008) (citation omitted); see also McCall v. Colvin, Civ. A. No. 13-4770, 2015 WL 9302929, at *9 (E.D. Pa. Dec. 22, 2015). Accordingly, we overrule Plaintiff's objection to the contrary.

In his last Objection, Plaintiff argues that the Magistrate Judge erred in concluding that the ALJ properly addressed Plaintiff's subjective complaints. Specifically, he argues, as he did to the Magistrate Judge, that the ALJ improperly discounted his complaints based on his ability to perform basic daily activities and his receipt of "routine and conservative treatment." (Pl.'s Objs. at 6.) However, as the Magistrate Judge correctly observed, the ALJ was permitted to consider

2. The Report and Recommendation is **APPROVED** and **ADOPTED**.

3. Plaintiff's Request for Review is **DENIED**.

BY THE COURT:

/s/ John R. Padova, J.

_____
John R. Padova, J.

---

Plaintiff's performance of basic daily activities as well as his routine and conservative treatment in evaluating his subjective complaints. See Cunningham v. Comm'r of Soc. Sec., 507 F. App'x 111, 118 (3d Cir. 2012); Sturgill v. Colvin, Civ. A. No. 15-1195, 2016 WL 4440345, at *10 (E.D. Pa. Aug. 23, 2016) (citations omitted); 20 C.F.R. § 404.1529(c)(3)(i), (v). Moreover, "[t]he ALJ may disregard subjective complaints when contrary evidence exists in the record" provided that he "provide[s] reasons for doing so," which the ALJ did here. Lewis v. Barnhart, Civ. A. No. 03-4830, 2004 WL 1721521, at *6 (E.D. Pa. July 14, 2004) (quotation and quotation marks omitted). We therefore overrule Plaintiff's objection concerning the treatment of his subjective complaints, and we adopt and approve the Magistrate Judge's R&R in its entirety.